### Jacob Weiss, Appellee, v. Sandoval Zinc Company, Appellant.

1. Pleading—*departure defined.* A departure in pleading is where a party quits or departs from the case or defense he has first made and has recourse to another.

2. Statute of Frauds—*when replication not departure.* A replication which replied to a plea predicated upon the one-year provision of the Statute of Frauds, that the contract in question was in writing, is not a departure from the declaration which did not allege that the contract sued upon was written.

Assumpsit. Appeal from the City Court of East St. Louis; the Hon. W. M. Vandeventer, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

Nobleman & Smith, for appellant; Samuel L. Dwight, of counsel.

No appearance for appellee.

Mr. Presiding Justice Shirley delivered the opinion of the court.

This is an appeal from a judgment for the sum of $500 damages recovered by appellee for the alleged breach of a contract of employment.

The assigned errors relied on in the argument that the court improperly admitted a written contract in evidence and overruled appellant's motion in arrest

of judgment may be considered together, as both propositions involve a question of pleading, it being claimed that under the pleadings the written contract was not admissible and the judgment should have been arrested because of a departure in pleading.

The declaration was in *assumpsit* consisting of one count, declaring upon a contract by which appellee was employed for a period of five years at a salary of sixty dollars per month for the first year, and seventy-five dollars per month for the remaining four years, and alleging that without any reasonable cause he was discharged whereby he was damaged.

In addition to the plea of the general issue appellant interposed a plea of the Statute of Frauds and Perjuries, alleging the promises set forth in the declaration were not to be performed within a year, and that there was no memorandum or note thereof in writing signed by the appellant or by any person lawfully authorized by it in writing. To this plea in confession and avoidance appellee filed a replication traversing the plea, and averring the contract mentioned in the declaration was in writing signed by appellant, and setting it forth in *haec verba*.

It is contended the replication was a departure from the declaration (which did not aver the contract to be in writing) upon which no judgment under the evidence could be rendered. The evidence showed the contract was in writing.

The replication in our opinion was not a departure from the declaration. A departure in pleading is where a party quits or departs from the case or defense he has first made and has recourse to another. It occurs for example where the replication contains matter not pursuant to the declaration and which does not support and fortify it. Chit. Pl. Vol. 1, 644, 12 Ed.

The replication did not set forth a different contract from that alleged in the declaration, and did not depart from it. That it was alleged to be in writing in the replication and not so alleged in the

declaration did not make it a different contract but supported and fortified the declaration. "When the contract is in writing it is not necessary to state that circumstance in a declaration and even in cases where by the Statute of Frauds the promise is rendered ineffectual unless there be a memorandum of its terms in writing, it is not necessary in a declaration at law * * * to show that the requisition of the statute has been complied with in this respect." (*Ibid.* 304.)

The plea of the Statute of Frauds is a personal privilege which may be waived unless pleaded. Lear v. Chouteau et al., 23 Ill. 39; Ruggles v. Gatton, 50 *id.* 412. The statute does not make such contracts void but only voidable, and the courts will enforce them until the bar of the statute is set up. It is not necessary to anticipate the defense of the statute and aver in the declaration the contract to be in writing, but such averment may be made in the replication when the defense of the statute is made by plea.

There was no error in admitting the written agreement in evidence under the pleading or in overruling the motion in arrest of judgment.

It is further contended the court erred in admitting evidence of money having been furnished appellee by others to live on and that he had been so assisted when out of employment. The evidence was irrelevant and improper, but as the evidence in the case showed a breach of contract and consequent damages, no evil could result from it unless it would be in the recovery of excessive damages.

It was also erroneous to admit evidence of a balance of ten dollars due appellee for work performed under the contract for the reason the declaration only declared specially for a breach of the contract.

Upon examination of the evidence we find the damages excessive, and find the amount due appellee under the contract, after deducting the sum earned by him after he was discharged to be $448.50, and the judgment will be affirmed in this court for that amount.

*Affirmed.*